UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Clarke Spottswood, | Case No. 23-cv-3815 (PAM/DJF) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| State of Minnesota and Washington County 10th Judicial District, | |
| Respondents. | |

On September 27, 2015, a Washington County Sheriff's Office deputy pulled Petitioner Shawn Clarke Spottswood over for driving without a valid driver's license. *See State v. Spottswood*, No. 82-cr-15-4099 (Complaint) (Minn. Dist. Ct.). The officer who pulled Mr. Spottswood over arrested him and, along with another officer, performed an inventory search of the vehicle. (*Id.*) While conducting that search, the officers discovered a set of "jiggler keys," which are designed to be close enough to the most common pin patterns that they can be used to open a variety of locks. Jiggler keys do have legitimate uses—they are common among tow-truck drivers, for example—but they can also be used for nefarious purposes. Noting that Mr. Spottswood had a previous conviction for burglary, and believing he did not possess the jiggler keys to assist stranded motorists, the State of Minnesota charged him with one count of possessing a "device, explosive, or other instrumentality with intent to use or permit the use of the same to commit burglary or theft" in violation of Minn. Stat. § 609.59. (*Id.*)

Mr. Spottswood denied the State's allegations and took his case to trial. The jury found Mr. Spottswood guilty of having violated section 609.59. While he awaited sentencing, Mr. Spottswood filed a motion for acquittal pursuant to Rule 26.03, subd. 18(3) of the Minnesota Rules

1

of Criminal Procedure. The judge who presided over the trial granted the motion, noting that, under section 609.59, mere possession of burglary tools is not unlawful. The statute prohibits only the possession of such tools "with intent to use or permit the use of the same to commit burglary or theft," and according to the trial judge, the State did not established at trial that Mr. Spottswood had the required intent to use the jiggler keys to commit burglary or theft.[1] *See Spottswood v. Washington County MN*, No. 19-cv-1331 (MJD/ECW) (ECF No. 74-3 at 24-26) (order and memorandum of dismissal). The State appealed the order of acquittal and Mr. Spottswood filed a cross-appeal alleging various errors had been committed during his trial. The State then voluntarily dismissed its appeal, rendering Mr. Spottswood's appeal moot, as he no longer had anything to gain from challenging the alleged trial errors.

This matter is now before the Court on Mr. Spottswood's Petition for a Writ of Habeas Corpus arising out of the state court proceedings described above ("Petition") (ECF No. 1). The Petition is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After review, the Court concludes that the Petition should be denied summarily.

Mr. Spottswood's Petition appears to be the product of a misunderstanding regarding the effect of his acquittal. Mr. Spottswood appears to believe the trial court's order of acquittal—coming after the jury's verdict but before sentencing—affected only his sentencing and not his underlying conviction. (*See* ECF No. 1 at 5, stating, "[T]echnically [I] still haven't served my sentence that the jury convicted me for and [I] was not allowed to appeal it.".) In Mr. Spottswood's

---

[1] Less than two months after his release from prison, Mr. Spottswood was arrested again while in possession of "a bolt cutter, 'jiggler' or 'bump' keys, tin snips, and a flathead screwdriver." *State v. Spottswood*, No. A18-0548, 2020 WL 290430, at *1 (Minn. Ct. App. Jan. 21, 2020) (footnote omitted). The State charged Mr. Spottswood with (among other things) a violation of section 609.59. The jury found Mr. Spottswood guilty and his conviction was affirmed on appeal.

2

view, the Government sought appeal on a sentencing issue, while he sought appeal on whether he should have been convicted. Mr. Spottswood contends the Government's voluntary dismissal of its appeal left him unable to challenge his conviction on direct appeal, since the Minnesota Court of Appeals dismissed the entire proceeding as moot. Mr. Spottswood thus appears to believe his case remains in a state of limbo, in which he stands convicted but not sentenced, and therefore unable to file a direct appeal.

But the trial court's order plainly does not relate only to sentencing. Indeed, the order could not be clearer that, in the trial court's view, the State produced insufficient evidence at trial from which to conclude Mr. Spottswood had the necessary intent to violate section 609.59. The trial judge explicitly vacated the jury's guilty verdict in that order and found Mr. Spottswood not guilty of the lone criminal charge pending against him. *See Spottswood v. Washington County MN*, No. 19-cv-1331 (MJD/ECW) (ECF No. 74-3 at 21-26). The Government was entitled to appeal that order, and Mr. Spottswood was entitled to appeal any perceived trial errors solely as a contingency, in case the Minnesota Court of Appeals agreed that the motion for acquittal should not have been granted. But when the Government voluntarily dismissed its appeal, Mr. Spottswood's appeal became unnecessary: Mr. Spottswood remained acquitted, the Government no longer challenged his acquittal, and any perceived trial error became irrelevant.

A petition for a writ of habeas corpus is a request for release from custody, either immediately or sooner than is otherwise planned. *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (citing *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)). Because a habeas petition is a request for release from custody, a court cannot grant habeas relief unless the petitioner is in custody. *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam) (noting that the "in custody" requirement is jurisdictional); *United States ex rel.*

*Dessus v. Commonwealth of Pennsylvania*, 452 F.2d 557, 559-60 (3rd Cir. 1971) ("the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody'…").  The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).  The State released Mr. Spottswood from custody on the charges at issue in his Petition immediately upon the trial court's finding of not guilty.  *See Spottswood v. Washington County MN*, No. 19-cv-1331 (MJD/ECW) (ECF No. 74-3 at 21-22).  No collateral consequences flow from his acquittal.  He therefore is not "in custody" for purposes of section 2241(c)(3), and there is no habeas relief the Court could possibly grant him with respect to the state court criminal proceedings he attacks in this matter.

The Court accordingly recommends that this matter be dismissed without prejudice for lack of jurisdiction.  Mr. Spottswood's pending application to proceed *in forma pauperis* may be denied should the recommendation of dismissal be adopted.  *See Kruger*, 77 F.3d at 1074 n.3.  Because Mr. Spottswood's habeas petition does not present an issue that is fairly debatable among reasonable jurists, the Court further recommends that a certificate of appealability not be issued in this matter.  *See* 28 U.S.C. § 2253(c)(1)(A).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

2. The application to proceed *in forma pauperis* of Petitioner Shawn Clarke Spottswood (ECF No. [2]) be **DENIED**; and

3. No certificate of appealability be issued.

Dated: January 2, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).