UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shawn Clarke Spottswood,                                    Civ. No. 23-3815 (PAM/DJF)

           Petitioner,

v.                                                                              **MEMORANDUM AND ORDER**

State of Minneostota [sic], and Washington
County 10th Judicial District,

           Respondents.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Dulce J. Foster dated January 2, 2024. (Docket No. 4.) The R&R recommends that Petitioner Shawn Clarke Spottswood's Petition for habeas-corpus relief be summarily denied and no certificate of appealability be granted. Spottswood filed an objection to the R&R (Docket No. 7), as well as an untitled document docketed as a "Notice." (Docket No. 8.)

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court adopts the R&R.

The R&R thoroughly recounted the factual and procedural history of this matter, and that history will not be repeated here. As the R&R notes, Spottswood's Petition seems based on a fundamental misunderstanding regarding the effect of a judgment of acquittal he received in a state court criminal proceeding, No. 82-cr-15-4099. The state court entered the judgment of acquittal during the pendency of Spottswood's appeal from his conviction,

and thus the Minnesota Court of Appeals dismissed his appeal as moot and Spottswood was released from detention. Spottswood apparently believes the judgment of acquittal acquitted him of a different charge that carried an aggravated sentence, and the Petition asks the Court to allow him to "skip the state remedies, since the[ State] used misconduct to acquit me, and appeal my conviction." (Docket No. 1 at 15.)

Spottswood's misunderstanding likely stems from the title of the Minnesota Rule his attorney invoked in seeking the judgment of acquittal. Subdivision 18 of Rule 26.03 is titled "Motion for Judgment of Acquittal or Insufficient Evidence for an Aggravated Sentence." Minn. R. Crim. P. 26.03, subd. 18. But subdivision 18 does not apply only if the underlying crime is subject to an aggravated sentence, and the title of the Rule is best read as if there is a comma between "Acquittal" and "or." The Rule under which Spottswood's conviction was vacated is subdivision (3), which allows for a judgment of acquittal after a guilty verdict in any criminal case, not only cases with aggravated sentencing factors. See id. R. 26.03, subd. 3(a) ("If the jury returns a verdict of guilty . . . a motion for a judgment of acquittal may be brought within 15 days . . . ."). To be sure, subdivision 3 also allows a defendant to move the court to determine that there is insufficient evidence to sustain aggravating factors, id. R. 26.03, subd. 3(b), but there is no indication that Spottswood's vacated conviction had any aggravated factors associated with it, and the citation to Rule 26.03, subd. 18(3) does not mean that it did.

The R&R thus correctly determined that Spottswood's Petition claiming otherwise must be summarily denied. Because no reasonable minds could differ as to this conclusion,

the R&R likewise correctly determined that no certificate of appealability should issue. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 4) is **ADOPTED**;

2. The Petition (Docket No. 1) is **DENIED**;

3. This matter is **DISMISSED**; and

4. No Certificate of Appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   February 12, 2024          s/Paul A. Magnuson
                                    Paul A. Magnuson
                                    United States District Court Judge